Marcus B. Smith, Esq. (Bar No. 14790)
Marcus Smith Law, LLC
201 West Tabernacle Street
St. George, Utah 84770
Email: marcus.bret.smith@gmail.com
Telephone: (385) 386-2950

*Attorney for Tracy McConnell*

---

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### SOUTHERN DIVISION

| | |
|---|---|
| TRACY MCCONNELL, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., *a Utah corporation*,<br><br>Defendant. | **COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>JURY DEMAND<br><br>CIVIL NO. _____ |

Plaintiff Tracy McConnell brings this action against Defendant SkyWest Airlines, Inc. alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and corresponding state law provisions.

### JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to the ADEA, FMLA, and corresponding state law. Jurisdiction is therefore conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the Complaint occurred in St. George, Utah.

## PARTIES

3.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

4.    Plaintiff Tracy McConnell is a resident of Powell, Wyoming. During the time period relevant to this Complaint, she was a resident of St. George, Utah, and worked at Defendant's corporate headquarters in St. George.

5.    Defendant SkyWest Airlines, Inc. is a Utah corporation headquartered at 444 South River Road, St. George, Utah 84790. SkyWest employs more than 500 employees and was at all relevant times an employer within the meaning of the ADEA and FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Plaintiff has fully exhausted her administrative remedies in that:

(a)    she was initially discharged on or about August 19, 2024;

(b)    her discharge was upheld after appeal on October 4, 2024;

(c)    she timely filed a charge of discrimination against Defendant with the Utah Antidiscrimination and Labor Division and Equal Employment Opportunity Commission ("EEOC") on or about November 11, 2024;

(d)    she received a "Notice of Right to Sue" from the EEOC on or about March 28, 2025;

(e)    this Complaint was filed with the Court on or about June 26, 2025, approximately 90 days from Plaintiff's receipt of the "Notice of Right to Sue"; and

(f) this Complaint was filed more than 60 days after Plaintiff filed her Charge of

Discrimination.

## NATURE OF CASE

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set

forth herein.

8. Plaintiff began her employment with SkyWest in October 2015 as an Cross

Utilized Agent in Cody, Wyoming.

9. In 2022, she transferred to St. George, Utah, where she worked as a Crew Travel

Coordinator at SkyWest's corporate headquarters.

10. In late July 2024, Plaintiff traveled to Wyoming using her flight benefits to care

for her father, who had suffered a serious and unexpected medical emergency.

11. On July 23, 2024, five days before a scheduled shift, Plaintiff notified her

immediate supervisor, Israel Durran, that she would be unable to work the shift due to her father's

serious medical condition.

12. On Sunday, July 28, 2024, 24 hours before the shift, Plaintiff also communicated

with a second supervisor, MaryAnn, to provide further notice and explanation of the situation.

13. At no time did Plaintiff's supervisors inform her that use of her travel benefits or

her family-related absence would violate company policy or lead to adverse employment action.

14. Plaintiff complied with SkyWest's employee travel policy.

15. Plaintiff's supervisors were aware that she was using her flight benefits

responsibly and complying with company policy.

16. Moreover, Defendant failed to provide Plaintiff with the required notice of eligibility and rights under the FMLA, nor did it supply any of the standard paperwork or designation forms pursuant to the FMLA, despite knowing she qualified for FMLA leave.

17. On August 14, 2024, Plaintiff abruptly received a call from supervisor Israel Dominguez asking her to come into the office. When she arrived, she was informed that she was being placed on administrative leave based on an allegation that she had misused her travel benefits.

18. Defendant claimed that Plaintiff had traveled using her benefits on the same day she had called out from work. This claim was inaccurate: Plaintiff had notified her supervisors in advance and had not flown on the day in question.

19. Again, Plaintiff's notice and travel timing complied with company policy.

20. On August 19, 2024, Defendant formally discharged Plaintiff from employment.

21. Plaintiff promptly appealed her termination through SkyWest's internal grievance process.

22. On October 8, 2024, SkyWest issued its final decision, upholding the termination and ending Plaintiff's nearly ten-year tenure with the company.

23. Plaintiff's absence from work was for the purpose of caring for her father during a major health crisis, a circumstance that qualified her for protected leave under the FMLA.

24. However, Defendant's refused to provide Plaintiff with FMLA leave, and instead, retaliated against her by discharging her.

25. During her administrative leave, Plaintiff submitted a complaint of age discrimination to SkyWest's Human Resources department. She was terminated shortly thereafter.

26. At the time of her termination, Plaintiff was 54 years old and approaching her 10-year anniversary with the company, a milestone that would have qualified her for lifetime travel benefits.

27. Plaintiff believes Defendant's actions were motivated by discriminatory animus based on her age and retaliatory intent following her internal complaint.

28. On November 11, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging age discrimination and retaliation (Charge No. 540-2025-00925). She received a Notice of Right to Sue and has timely filed this Complaint within 90 days of receipt.

## CAUSES OF ACTION

29. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA (AND CORRESPONDING STATE LAW)

## (29 U.S.C. § 621 et seq.)

30. At the time of the adverse employment actions described above, Plaintiff was 54 years old and within the class of individuals protected by the Age Discrimination in Employment Act.

31. Plaintiff was qualified for her position and had served SkyWest for nearly a decade with strong performance and without discipline.

32. Defendant terminated Plaintiff under circumstances giving rise to an inference of age discrimination, including the timing of her termination just prior to her qualification for lifetime flight benefits—an employment milestone associated with age and tenure.

33. Defendant treated younger, similarly situated employees more favorably and failed to provide any legitimate, non-discriminatory justification for Plaintiff's termination.

34. Defendant's actions were intentional, willful, and taken with reckless disregard for Plaintiff's rights under the ADEA.

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including lost wages, lost benefits, and emotional distress.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADEA (AND CORRESPONDING STATE LAW)

## (29 U.S.C. § 623(d))

36. Plaintiff engaged in protected activity by reporting suspected age discrimination to Defendant's Human Resources department while she was on administrative leave.

37. Shortly thereafter, Defendant terminated Plaintiff's employment.

38. Defendant's termination of Plaintiff constitutes unlawful retaliation under the ADEA.

39. The temporal proximity between Plaintiff's internal complaint and her termination supports an inference of retaliatory intent.

40. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered damages including loss of income, benefits, professional reputation, and emotional harm.

## COUNT III

## FMLA INTERFERENCE

## (29 U.S.C. § 2601 et seq.)

41. Plaintiff's absence from work in July and August 2024 was due to her need to care for her father during a serious medical emergency, a qualifying event under the FMLA.

42. Plaintiff provided adequate notice of her need for leave, including informing two supervisors in advance.

43. Defendant failed to inform Plaintiff of her eligibility for FMLA leave and did not provide her with required notices or paperwork.

44. Defendant failed to designate her leave as FMLA-protected and later penalized her for taking that leave.

45. These acts constitute interference with Plaintiff's rights under the FMLA.

46. As a direct and proximate result of this interference, Plaintiff has suffered damages including lost wages, lost benefits, and other economic and non-economic harm.

## COUNT IV

## FMLA RETALIATION

## (29 U.S.C. § 2615(a)(2))

47. Plaintiff engaged in protected activity under the FMLA by requesting and taking leave to care for a seriously ill parent.

48. Defendant terminated Plaintiff's employment shortly after her return from that leave, citing pretextual policy violations.

49. Defendant's stated reason for the termination was false and served as a cover for its true motive: punishing Plaintiff for exercising her FMLA rights.

50. Defendant's actions constitute unlawful retaliation in violation of the FMLA.

51. As a direct and proximate result of this retaliation, Plaintiff has suffered economic damages, emotional distress, and other compensable harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a) Compensatory damages for all past and future economic losses and expenses incurred by Plaintiff as a result of Defendant's misconduct;

b) General damages for all past and physical pain, mental suffering, and emotional distress suffered by Plaintiff;

c) Punitive damages to the fullest extent permitted by law;

d) Pre-judgment and post-judgment interest;

e) Declare that Defendant's actions violate the ADEA, the FMLA, and corresponding state law.

f) Costs incurred in this action and reasonable attorney fees; and

g) Any further relief as may become apparent from discovery as this matter matures for trial.

/ / /

/ / /

/ / /

Plaintiff hereby certifies that this Complaint is not being filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and is supported by existing law and factual contentions that have evidentiary support, in compliance with Federal Rule of Civil Procedure 11.

Dated June 26, 2025.

MARCUS B. SMITH
*Attorney for Plaintiff*